UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ALONSO RADHAMES, :
:
    Plaintiff :
:
v. : CIVIL NO. 4:CV-04-956
:
JOHN NASH, ET AL., :
: (Judge McClure)
    Defendants :

## MEMORANDUM AND ORDER

June 29, 2005

**Background**

This pro se civil rights action was initiated by Alonso Radhames, an inmate presently confined at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania (FCI-Schuylkill).[1]   Service of the complaint was previously ordered. Named as Defendants are Regional Director M. E. Ray and Inmate Appeals Administrator Harrell Watts of the Federal Bureau of Prisons (BOP) and the

---

[1] Based on submissions from the parties, it appears that the Plaintiff's name is actually Radhames Alonso.

following FCI-Schuylkill officials: Warden John Nash and the prison's "Unit Team (Counselor, Unit Manager, Case Manager for Unit 1A)." Record document no. 1, p. 1.

Plaintiff states that following his arrival at FCI-Schuylkill, he was interviewed by his Unit Team. As a result of that meeting, the Unit Team concluded that Alonso would be restricted to "[o]ne (1) five minute phone call per month, as arranged and monitored by your Complainant's counselor." Id. at p. (1). The monthly phone call could only be placed to immediate family members. His complaint indicates that the telephone restriction was based on the Unit Team's review of Plaintiff's pre-sentence report wherein it was indicated that Alonso had engaged in drug trafficking via the use of cellular telephones. It is alleged that Defendants exceeded their authority and acted in an unconstitutional discriminatory manner because the sentence imposed did not include any telephone restriction. The only apparent relief requested by the complaint is restoration of Plaintiff's telephone privileges.

Following service of the complaint, Defendants filed a motion seeking dismissal of the complaint. See Record document no. 20. Also pending is the Plaintiff's motion requesting compensatory damages. See Record document no.

25. Both motions are ripe for consideration.

**Discussion**

**Motion to Amend**

As previously noted, the Plaintiff's complaint does not specifically set forth what relief he is seeking. Following submission of Defendants' motion to dismiss, Alonso filed a motion (Record document no. 25) requesting that his complaint be amended to include claims for declaratory and injunctive relief as well as requests for compensatory, punitive and exemplary damages.

Since it is well-settled that liberal treatment is to be afforded to pro se pleadings, the Plaintiff's motion will be granted with exception of his request for attorney's fees.[2] The prayer for relief which is incorporated within Alonso's motion will be accepted.

**Motion to Dismiss**

Defendants argue that they are entitled to an entry of dismissal on the grounds that: (1) Plaintiff's claim is moot; (2) a constitutional violation did not occur; (3) the claims against the Defendants in their official capacities is barred by

---

[2] Pro se litigants are not permitted to recover attorney's fees. See Kay v. Ehrler, 499 U.S. 432 (1991).

the doctrine of sovereign immunity; (4) the Court lacks personal jurisdiction over Defendants Watts and Unit Team; and (5) the assertions against Defendants Ray and Watts are improperly premised on a theory of respondeat superior.

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted).  Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Markowitz

v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997). Finally, it is additionally well-settled that pro se complaints should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). This Court will now discuss Defendants' motion in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Mootness**

Defendants' initial argument contends that on July 16, 2004, the Plaintiff's telephone privileges were fully restored by Warden Nash. Consequently, the Defendants seek dismissal of the complaint on the basis of mootness. Plaintiff's opposing brief acknowledges that his telephone privileges have been reinstated. See Record document no. 31, p. 2, n.1.

It is well recognized that the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing

O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).

Furthermore, "[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (citation omitted); see also Carter v. Thompson, 808 F. Supp. 1548, 1555 (M.D. Fla. 1992). Since it is undisputed that the Plaintiff's telephone privileges have been fully restored, his requests for declaratory and injunctive relief are moot under the standards set forth in Rosenberg and Wahl.

**Failure to State a Claim**

It is undisputed that Plaintiff arrived at FCI-Schuylkill on April 28, 2003. On May 14, 2003, Warden Nash approved the Unit Team's recommendation "to impose a one fifteen-minute telephone call per month restriction upon Alonso." Record document no. 23, p. 5. Thereafter, on December 8, 2003, the Plaintiff's telephone privileges were increased to two (2) monthly fifteen minute telephone calls. As previously noted, it is undisputed that full telephone privileges were reinstated to the Plaintiff on July 16, 2004.

In their second argument, Defendants maintain that the complaint does not set forth a viable constitutional claim because the telephone restriction did cause an atypical and significant hardship as contemplated under Sandin v. Conner, 515 U.S. 472, 484 (1995).

6

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

The Court of Appeals for the Fifth Circuit in Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1983), recognized that prisoners enjoy no right to unlimited telephone use. See also Benzel v. Grammar, 869 F.2d 1105, 1110 (8th Cir. 1989)(a prison policy which denied phone privileges to inmates housed in administrative detention did not violate the Constitution since the policy furthered internal security and rehabilitation concerns); von Vital v. Dragovich, Civil No. 99-1669, slip op. at 3 (M.D. Pa. Dec. 23, 1999)(Conaboy, J.)(an inmate should reasonably expect that his placement in administrative detention would cause curtailment of telephone privileges).

The Court of Appeals for the Third Circuit previously established that in order to assert a viable claim of telephone deprivation, an inmate must make some showing of prejudice or actual injury. Peterkin v. Jeffes, 855 F.2d 1021, 1041 (3d Cir. 1989). More recent decisions have concluded that where an inmate has

available, alternative means of communicating with the outside world, i.e., mail privileges, a § 1983 action alleging improper denial of telephone access was subject to dismissal. Acosta v. McGrady, 1999 WL 158471 *7 (E.D. Pa. 1999)(a prisoner has a constitutional right to use a telephone only if no other reasonable means of communication are available ); Pittsley v. Ricks, No. 96-CV-0372, 2000 WL 362023 *5 (N.D. N.Y. March 31, 2000); Ingalls v. Florio, 968 F. Supp. 193, 203 (D.N.J. 1997).

Alonso's complaint indicates that because he is "functionally illiterate" he is unable to contact family and friends through alternative means. Record document no. 1, p. 8. However, this is not a case where a prisoner was prohibited from any telephone use. On the contrary, between May 14, 2003 and December 8, 2003, Plaintiff was afforded one fifteen minute call each month. From December 8, 2003 to July 16, 2004 the inmate was afforded two fifteen minute calls each month. Thereafter, he was provided with full telephone privileges.

It is additionally noted that during the course of the present litigation Alonso has submitted numerous motions, briefs and other pleadings clearly demonstrating his ability to engage in written communication and afford postage. Pursuant to the above discussion, Plaintiff was not precluded from all forms of communication with the outside world as contemplated under Acosta.

With respect to the Peterkin requirement of alleging actual injury, Alonso

8

generally contends that the phone restrictions interfered with his ability to maintain family ties.  However, as noted above, Plaintiff was afforded limited telephone use and has demonstrated his ability to send out written communications and afford postage.  Based on an application of the standards announced in <u>Acosta</u> and <u>Peterkin</u>, the fourteen (14) month long restrictions limiting the Plaintiff's telephone calls per month do not rise to the level of a constitutional violation.  Therefore, the Plaintiff's remaining requests for monetary damages are likewise subject to dismissal.  Consequently,

**IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion to amend his complaint (Record document no. 25) is granted.

2. The Plaintiff's incorporated prayer for relief is accepted.

3. Defendants' motion to dismiss (Record document no. 20) is granted.

4. The Clerk of Court is directed to close the case.

5. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

    <u>s/ James F. McClure, Jr.</u>
JAMES F. McCLURE, JR.
United States District Judge